UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>SANTOS TENA,<br><br>　　Defendant. | Case No. 1:19-cr-00159-DCN-1<br>　　　　1:26-cv-00198-DCN<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Santos Tena's Motion to Apply Earned Time Credits to Term at Supervised Release ("Motion for Credit") (Dkt. 52), and Motion to Appoint Counsel (Dkt. 53). Tena also filed a Petition for Writ of Habeas Corpus which the Clerk of the Court opened as a new civil case—1:26-cv-00198-DCN—but which seeks the same relief as his Motion for Credit. In fact, in that case, Tena filed a Motion almost identical to the Motion for Credit. Civil Case: Dkt. 3.

Upon review, and for the reasons set forth below, the Court DENIES all Motions in both cases.

## II. BACKGROUND

Tena was charged with, and pleaded guilty to, Distribution of Methamphetamine. Dkts. 1, 21, 36. The Court sentenced Tena to 72 months incarceration with four years of supervised release to follow. Dkts. 36, 37. Tena served his term of imprisonment and was released on August 9, 2024, to begin supervised release.

MEMORANDUM DECISION AND ORDER - 1

On January 30, 2026, United States Probation filed a Petition indicating Tena had failed to comply with multiple terms of his supervised release. Dkt. 49. Revocation proceedings are now underway.

On February 13, 2026, Tena filed his Motion for Credit (Dkt. 52) and Motion to Appoint Counsel (Dkt. 53). In his Motion for Credit, Tena asserts the Ninth Circuit has determined earned time credits—calculated as days for completing programming while incarcerated—can be applied to a term of supervised release to reduce its duration. *See generally* Dkt. 52. He alleges the Bureau of Prisons ("BOP") failed to apply these credits to his term of supervised release. *Id*. In his Motion to Appoint Counsel, Tena explains he would like an attorney to help defend him in his Revocation proceedings. Dkt. 53.[1]

On April 1, 2026, Tena filed a Petition for Habeas Corpus against the BOP. Civil Case, Dkt. 2. His attached "Memorandum and or Motion" in that case is substantially the same as the Motion for Credit in his criminal case. *See generally* Civil Case, Dkt. 3.

### III. DISCUSSION

First, Tena is constitutionally entitled to an attorney for his revocation proceedings. This was explained to him at his initial appearance, and an attorney has since been appointed to represent him. Dkts. 57, 62. Thus, the issue is MOOT. And to the extent his request applies to his Motion for Credit, his new counsel can evaluate that issue as well. In sum, Tena's Motion is DENIED as MOOT.

---

[1] Tena also mentions in his Motion for Credit that the Court should "appoint counsel in this matter." Dkt. 52, at 3. Thus, it is unclear whether Tena seeks counsel for his revocation proceedings or to pursue his Motion for Credit. The Court will construe the Motion broadly.

MEMORANDUM DECISION AND ORDER - 2

Second, Tena's citation to *Gonzalez v. Herrera*, 151 F.4th 1076 (9th Cir. 2025) is accurate. In that case, the Ninth Circuit held certain First Step Act credits can be applied to a defendant's term of supervised release thereby reducing the overall duration.

The problem, however, is Tena has not provided the Court with any details other than this case citation and his bald request that the Court order the BOP to deduct the appropriate credits from his supervised release. Dkt. 52, at 3; Civil Case, Dkt. 3, at 2. The Court does not know, for example, how many credits Tena accrued while incarcerated or whether those credits were already applied to his term of incarceration or supervised release. The Court assumes BOP has done its job and applied those credits appropriately.

It appears that Tena is trying to have credits approved to argue his term of supervision had expired and he was no longer under Probation's control when he committed the violations he now stands accused of committing. For example, he asks the Court to "find that the term of supervised release has [] expired" and "quash[] any and all outstanding warrants." Dkt. 52, at 3.

As explained, the Court has limited information and cannot determine what credits, if any, Tena earned and whether they were applied to any portion of his sentence— incarceration or release. More importantly, however, even assuming arguendo that Tena was entitled to more time than that which he'd been credited and, in the extreme, that he should have been released from Supervision sooner, he still needed to comply with all terms and conditions of supervised release *until* the Court resolved the discrepancy. Tena cannot justify his actions after-the-fact by claiming he "should have" been released from supervision sooner.

MEMORANDUM DECISION AND ORDER - 3

The Court cannot calculate or apply any earned time towards anything in this case. That is the BOP's responsibility. Tena's Counsel can investigate the application of his earned time credits to the extent such is proper and necessary.[2]

## IV. ORDER

The Court **HEREBY ORDERS**:

1.  Tena's Motion for Credit (Dkt. 52) is DENIED.

2.  Tena's Motion to Appoint Counsel (Dkt. 53) is DENIED as MOOT.

3.  Tena's Petition for Writ of Habeas Corpus (Civil Case, Dkt. 2) is DENIED.

4.  Tena's Motion (Civil Case, Dkt. 3) is DENIED.

5.  The Clerk of the Court shall file this order in both the civil and criminal case.

6.  The Civil Case (1:26-cv-00198) is DISMISSED and CLOSED.

DATED: May 19, 2026

David C. Nye
U.S. District Court Judge

---

[2] Moreover, the Court lacks jurisdiction to consider an application for a writ of habeas corpus unless and until Tena files a motion under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(e). The Civil Case must, therefore, be DISMISSED.

MEMORANDUM DECISION AND ORDER - 4